UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID B. HUNT,

    Plaintiff,               CIVIL ACTION NO. 05-CV-74399-DT

  v.                            DISTRICT JUDGE GERALD E. ROSEN
                                 MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\*    \*    \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on March 14, 2003, alleging that he had become disabled and unable to work on February 17, 2003, at age 43, due to heart disease, back pain and a right shoulder impingement. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on June 16, 2005, before Administrative Law Judge (ALJ) Richard Wurdeman. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work. The ALJ restricted claimant from repetitive pushing, pulling and overhead reaching with his right arm. The Law Judge also found that Plaintiff needed to change positions every half hour.

The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 45 years old at the time of the administrative hearing (TR 201). He had been graduated from high school, and had been employed during the relevant past as a tree trimmer, electrical lineman, truck driver, material handler and security guard (TR 58, 64, 219). As a truck driver, he did a lot of sitting. He had to constantly bend down and reach over his head. He was required to lift upwards of 50 pounds on a regular basis (TR 65). Claimant stopped working as a truck driver in February 2003, after experiencing unstable angina and shortness of breath upon exertion (TR 203).

Plaintiff testified that he was disabled and unable to work due to severe neck and low back pain[1] (TR 204). The claimant explained that he often had such low energy levels that he had to lie down for several hours (TR 207-208). Pain medications provided temporary relief, and caused such side effects as chronic fatigue and drowsiness (TR 207). He was afraid to drive an automobile because he felt too drowsy most of the time (TR 202, 208). While the claimant attempted to perform household chores, he had to rest for long periods between activities (TR 208, 211). Plaintiff acknowledged that he enjoyed taking long walks on a regular basis (TR 159, 165, 214). He estimated that he could sit for 30 minutes, stand for 10 minutes and lift a gallon of milk (TR 209-210).

A Vocational Expert, Mary Williams, classified Plaintiff's past work as light to heavy, semi-skilled activity, which did not impart any transferable skills (TR 219). The witness

---

[1]At the time of the hearing, Plaintiff was receiving a pension of $640.00 a month (TR 203-204).

testified that there were no jobs for claimant to perform if his testimony were fully accepted[2] (TR 221).  If he were capable of sedentary work, however, there were numerous unskilled inspection, telemarketing and surveillance monitoring jobs that he could perform with minimal vocational adjustment (TR 220). These jobs did not involve any repetitive pushing or pulling with the right arm, and would allow a change of position every half hour (TR 219).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of degenerative disc disease of the lumbar and cervical spine, coronary artery disease and a right shoulder impingement, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The Law Judge found that Plaintiff could not repetitively perform any pushing, pulling or overhead reaching with his right arm. Plaintiff also needed to change positions every half hour.  Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

---

[2]The witness opined that claimant's alleged need to lie down as a result of chronic fatigue would preclude all work activity (TR 221).

This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff contended before the Law Judge that substantial evidence did not exist on the record that he remains capable of performing a limited range of sedentary work activity. He also argued that the ALJ improperly evaluated his credibility, and did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of his joint pain and chronic fatigue.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of disabling joint pain and chronic fatigue. A physical examination conducted just a few months prior to the administrative hearing noted that Plaintiff displayed full range

4

of motion in both arms, and that he had good strength in all four extremities (TR 165). Despite experiencing some right leg pain, the claimant told his doctors in February 2005, that he was able to walk approximately three miles a day (TR 165).

Dr. Ravi Lakkaraju, claimant's treating physician, noted in April 2003, that claimant had a good range of motion and strength in his legs and feet. Sensory examination was unremarkable, and straight leg raising was normal. Plaintiff reportedly walked with a normal gait and coordination (TR 140). A follow-up examination by Dr. Lakkaraju in September 2003, found a normal range of motion and good muscle strength in both upper and lower extremities (TR 132). The treating doctor recommended that Plaintiff undergo vocational rehabilitation, but suggested that he not lift or carry more than ten pounds on a regular basis (TR 133-134).

Dr. Waheed Akbar, an examining orthopedic specialist, reported in December 2003, that the claimant enjoyed a satisfactory range of motion in his hips and that he was able to walk normally. A straight leg raising test was negative bilaterally, and Plaintiff did not exhibit any neurological deficits in his lower extremities. Dr. Akbar urged that Plaintiff maintain an active exercise program (TR 122).

The ALJ's decision was consistent with the specific limitations imposed by the treating physicians. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his joint pain and chronic fatigue were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that he suffered severe side effects from pain medications, or that he needed to lie down frequently throughout the day. The ALJ took into consideration claimant's objectively

5

proven functional limitations by restricting him from jobs requiring repetitive pushing, pulling and overhead reaching with his right arm. The Law Judge also found that Plaintiff needed to change positions every half hour.

Plaintiff relies heavily upon the fact that Dr. Lakkaraju changed his opinion regarding claimant's ability to return to work and found him to be totally disabled in February 2004 (TR 131). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Lakkaraju offered little objective evidence to support his amended statement of disability, his opinion need not have been given any special weight[3]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings

---

[3]The ALJ rejected the doctor's opinion, setting forth persuasive reasons for doing so. The ALJ stated that he did not give controlling weight to the disability opinion since the claimant subsequently underwent successful arthroscopic surgery to the right shoulder with no evidence of lingering symptoms or limitations (TR 17). The ALJ did rely on the treating doctor's recommendation that degenerative changes in the spine necessitated a 10 pound limitation on lifting and carrying (TR 17).

6

of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions[4]. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled inspection, telemarketing and surveillance monitoring jobs that he could perform with minimal vocational adjustment (TR 220). These jobs did not involve any repetitive pushing or pulling with the right arm, and would allow a change of position every half hour (TR 219). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

---

[4]The Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described his moderate limitations caused by his joint pain and chronic fatigue. The VE testified that the the majority of the jobs identified allowed workers to sit or stand periodically throughout the day, and did not require repetitive or forceful pushing and pulling (TR 219). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions.  Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Defendant's Motion for Summary Judgment should be granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE

DATED: May 30, 2006_____

_____

## CERTIFICATE OF SERVICE

     I hereby certify on May 30, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 30, 2006.  **None.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          Magistrate Judge Donald A. Scheer
                                          (313) 234-5217